AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>DERRICK FRED CARLOMAGNO<br><br>*Defendant(s)* | )<br>)<br>) Case No. 20-8092-DLB<br>)<br>)<br>) |

FILED BY _SP_ D.C.

FEB 26 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __05/24/2019__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 841(a)(1), 841(b)(1)(A) | Distribution of a Controlled Substance, to wit, 50 grams of more of methamphetamine actual ("ice") |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

David Wilson, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __02/26/2020__

*Judge's signature*

City and state: __West Palm Beach, Florida__    Hon. Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLANT
## DAVID WILSON, TASK FORCE OFFICER/ FBI
## Case No. 20-8092-DLB

I, DAVID WILSON, being duly sworn do hereby state:

1. I am currently a Task Force Officer with the Federal Bureau of Investigation and have been so assigned since 2000. I am also a sworn deputy Sheriff with the Palm Beach County Sheriff's Office and have been so employed since 1985. Prior to that, I was a certified police officer with the city of Boca Raton where I served for approximately five years. As a Task Force officer, I am authorized to enforce federal laws to include violations occurring under Titles 18 and 21 of United States Code.

2. This affidavit is submitted for the limited purpose of establishing probable cause to charge DERRICK FRED CARLOMAGNO (hereinafter CARLOMAGNO) with the offense of distribution of a controlled substance, to wit, fifty (50) grams or more of methamphetamine ("Ice"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). For that reason, this affidavit does not to purport to describe all information and evidence known to your affiant concerning this investigation: but rather, only those facts believed to be necessary to establish probable cause to support the criminal complaint and arrest of the defendant. This affidavit is based on information and investigation by your affiant, and well as information provided by other law enforcement personnel with knowledge of the events described herein.

3. On May 23, 2019, your affiant who was acting in an undercover capacity texted 561-562-0775, which is the cellular phone utilized by CARLOMAGNO who had been identified by your affiant as dealer in crystal Methamphetamine. The text message asked CARLOMAGNO to call your affiant. Minutes later CARLOMAGNO called from the same number, and in a recorded conversation, your affiant discussed purchasing three ounces of Methamphetamine from

CARLOMAGNO, in return for which CARLOMAGNO wanted $550.00 per ounce. During the conversation CARLOMAGNO advised that he would drive to Boynton Beach, Florida to meet on May 24, 2019, at 2:00 p.m., to sell the three ounces of Methamphetamine.

4. On May 24, 2019, at approximately 9:35 a.m., your affiant received a text from CARLOMAGNO advising that he couldn't meet till 7:00 p.m., and asked if that was acceptable to your affiant. Through a series of subsequent text messages it was determined that we would meet at 4:00 p.m., on May 24, 2019. During another series of text messages at approximately 3:00 p.m., it was determined that we would meet in the area of the Publix shopping center located at 1005 Gateway Blvd. in Boynton Beach, Palm Beach County, Florida. Once at the Publix parking lot your affiant text messaged CARLOMAGNO a description of the undercover car your affiant was driving and asked CARLOMAGNO to join me in the vehicle. CARLOMAGNO responded in a text which read, "Across the street there's a Dunkin Donuts. I'm parked by the Dunkin Donuts. Come this way please I'm eating inside." Your affiant drove directly across the street to the Dunkin Donuts located at 1020 Gateway Blvd., Palm Beach County, Southern District of Florida, and parked in front of that business.

5. As your affiant was exiting his vehicle, which was equipped with audio and video recording capability, a subject that your affiant recognized as CARLOMAGNO, approached my vehicle carrying several plastic shopping bags, which appeared to have items inside, and called your affiant's first name. CARLOMAGNO climbed into your affiant's undercover vehicle's front passenger seat and retrieved a large Coffee mate container from inside of one of his bags. He turned the container over unscrewing the bottom of the Coffee mate can revealing that it was a secret false bottom safe. CARLOMAGNO then turned the open bottom of the can towards me to show me its contents, which I could see consisted of three separate sealed bags containing a clear

hard substance which appeared consistent – based on my training and experience – with methamphetamine in crystal form.

6. CARLOMAGNO advised your affiant that the can contained three ounces, Your affiant confirmed with CARLOMAGNO that the price was $550.00 per ounce as previously discussed, and CARLOMAGNO agreed. Your affiant paid CARLOMAGNO, $1,650.00, (one thousand sixteen hundred and fifty dollars) of investigative funds. Your affiant inquired of CARLOMAGNO about the price CARLOMAGO wanted for a pound of crystal methamphetamine and CARLOMAGNO replied that he would have to check with his guy. CARLOMAGNO further advised that he and his guy could set a prepaid type of arrangement where the methamphetamine would be shipped directly to your affiant, disguised as hydraulic fluid. CARLOMAGNO stated that he would have to introduce your affiant to his guy, since the pound quantity was more than CARLOMAGNO usually sells. CARLOMAGNO described different methods of payment and identified Pay Pal as one of those methods. CARLOMAGNO left the Coffee mate concealment container which contained the methamphetamine as he exited your affiant's undercover car and walked directly to a silver KIA which was unoccupied and climbed into the driver's seat. The tag of CARLOMAGNO's vehicle captured by surveilling agents was DZT188, which comes back not found.

7. Your affiant thereafter conducted a field test on a sample taken from the 3-ouce purchase, and found it to have a positive reaction for methamphetamine with a Marquis test kit. The heat sealed bags are freezer type food saver bags that each had numbers hand written on them which were, 28.23, 28.51 and 29.43, respectively, for a total weight of 3.60 ounces. Subsequent laboratory analysis of the substance your affiant purchased from CARLOMAGNO in the aforementioned May 24, 2019, transaction by the U.S. Drug Enforcement Administration

3

Southeast Regional Laboratory determined such to consist of a total net weight of 86.0 grams of 97% pure d-methamphetamine hydrochloride (also known as "Ice"), with an amount of the pure substance (methamphetamine "actual") being 83.4 grams.

FURTHER YOUR AFFIANT SAITH NAUGHT.

David Wilson
Task Force Agent
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED BEFORE
ME AT WEST PALM BEACH, FLORIDA,
THIS 26TH DAY OF FEBRUARY 2020.

**HON. DAVE LEE BRANNON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-8092-DLM

UNITED STATES OF AMERICA,

                        Plaintiff,

vs.

DERRICK FRED CARLOMAGNO,

                        Defendant.
_____/

## CRIMINAL COVER SHEET

1.     Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

        Yes         **X No**

2.     Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

        Yes         **X No**

3.     Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

        Yes         **X No**

                                  Respectfully submitted,

                                  ARIANA FAJARDO ORSHAN
                                  UNITED STATES ATTORNEY

                         BY: _____
                              JOHN C. McMILLAN
                              ASSISTANT UNITED STATES ATTORNEY
                              Admin. No. A5500228
                              500 S. Australian Ave., Suite 400
                              West Palm Beach, FL 33401
                              Office:   (561) 820-8711
                              John.mcmillan@usdoj.gov

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: __DERRICK FRED CARLOMAGNO__

Case No.: __20-8092-DLB__

## Count # 1

Distribution of a Controlled Substance, to wit, 50 grams or more of methamphetamine actual ("ice")
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)

**Max. Penalty**: 10 year mandatory minimum, to maximum life mprisonment;$10,000,000 fine; minimum 5 year to life term of supervised release: and, a $100.00 special assessment